**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHANNON POTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | |
| corporation, UNKNOWN CHICAGO | ) | No.    19 CV 7436 |
| POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | ***Jury Trial Demanded.*** |
| | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff SHANNON POTTS, through her counsel, Law Office of Jordan Marsh, complaining of the Defendants, CITY OF CHICAGO, a municipal corporation; and UNKNOWN CHICAGO POLICE OFFICERS,  and states the following:

**JURSDICTION AND VENUE**

1.  This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2.  The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.  Plaintiff also invokes the

supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. Venue is proper in the United States District Court for the Northern District of Illinois under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

## **PARTIES**

4. At all times relevant herein, Plaintiff SHANNON POTTS (hereinafter "Shannon") was a resident of the CITY OF CHICAGO, County of Cook, State of Illinois, and a citizen of the State of Illinois.

5. UNKNOWN CHICAGO POLICE OFFICERS (hereinafter "Unknown Defendant Officers") were at all times relevant, sworn police officers and sergeants employed by Defendant CITY OF CHICAGO, and were acting within the scope of their agency, service and/or employment with the CITY OF CHICAGO, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

6. Defendant CITY OF CHICAGO is a municipal corporation organized, existing and doing business under the laws of the State of Illinois, and at all times relevant provided police services in the CITY OF CHICAGO through the Chicago Police Department.

7. At all times relevant, including on or about October 5, 2019, the Defendant, CITY OF CHICAGO, employed a force of police officers who served through the

2

Chicago Police Department and who were assigned to work within various geographical areas within the CITY OF CHICAGO.

## **FACTS**

8.  On or about October 5, 2019 at or around 12:05 a.m., Shannon was arrested by Chicago police officers, and was transported to the 6th District station at or near 7808 South Halsted Street in Chicago, Illinois.

9.  Shannon was eventually taken to a holding room at the 6th District, where an officer removed her handcuffs.

10. Shannon was wearing a jacket at the time of her arrest. No one ever asked her to remove her jacket, and no one searched her, either at the scene or at the station.

11. At one point, an as-yet unidentified Chicago police sergeant entered the holding room where Shannon was being detained, and ordered an officer to handcuff her.

12. When Shannon questioned why she needed to be handcuffed – noting that another officer had removed her handcuffs and left her in the room without handcuffs – the sergeant slammed her down onto a concrete bench so hard that she developed a bruise on her right shoulder, and a gash opened up on her forehead after it struck a pole.

13. Other officers who were in the room and at the doorway observed the assault, but failed to intervene to prevent it.

3

14. After she was assaulted by the sergeant, Shannon requested medical assistance and that she be taken to the hospital. All of the officers in the room ignored her request. Instead, she was handcuffed to the pole that her head had struck while blood flowed down her face.

15. Shannon then stated that she would be filing a complaint with the agency she mistakenly called "COPRA".

16. An as-yet unidentified female Chicago police officer who had been standing in the doorway came into the room, struck Shannon in the face with her hand, and said, "It's 'COPA', bitch."

17. Shannon was not provided with medical assistance or taken to the hospital, despite the fact that blood was flowing from the wound on her face.

18. Instead, after handcuffing Shannon to the pole, the officers turned out the light in the holding room and walked out, closing the door behind them, leaving Shannon to bleed in the dark.

19. Eventually, a different female officer came into the room and turned on the light. She asked Shannon if she was okay, and if she knew she was bleeding.

20. Shannon replied that she did know, and that the other officers refused to take her to the hospital.

21. Within five minutes, the female officer had put Shannon in her car and – with her partner – began driving her to Little Company of Mary Hospital.

22. As they were driving toward the hospital, the female officer received a phone call, after which she informed her partner they were being ordered to turn around and head back to the station, which they did.

23. When Shannon and the two officers returned to the station, a female sergeant observed Shannon in the car, and asked her to turn her head. Shannon complied, and after examining her face, the sergeant directed the officers to transport her to the hospital.

24. At no time did Shannon say or do anything to justify any use of force, let alone the force applied by the sergeant and the officer in the holding room.

25. At no time did Shannon do or say anything that would place a reasonable officer in fear of harm to the officer or to others.

26. At no time did Shannon attempt to flee or actively resist any officer.

27. On October 28, 2019, Shannon's criminal charges were dismissed.

## COUNT I – 42 U.S.C. § 1983 EXCESSIVE FORCE
### UNKNOWN DEFENDANT OFFICERS

28. Each paragraph of this Complaint is incorporated as if restated fully herein.

29. The force used against Shannon by each Unknown Officer Defendant was unnecessary and objectively unreasonable.

30. The actions of the Unknown Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Shannon, violating her rights under the Fourth Amendment to the United States Constitution, through 42 U.S.C., § 1983.

31. As a direct and proximate cause of the above-detailed actions of the Unknown Defendant Officers, Shannon has suffered severe pecuniary damages, including severe physical and emotional pain and suffering, and loss of normal life.

WHEREFORE, the Plaintiff, SHANNON POTTS, prays for judgment against the Unknown Defendant Officers, in a fair and reasonable amount, including compensatory damages, punitive damages, reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT II – DENIAL OF MEDICAL TREATMENT
## UNKNOWN DEFENDANT OFFICERS

32. Each paragraph of this Complaint is incorporated as if restated fully herein.

33. By ignoring Shannon's request for medical assistance, the Unknown Defendant Officers violated her constitutional right to medical treatment. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to Plaintiff's constitutional rights.

34. As a direct and proximate result of the Unknown Defendant Officers' acts and omissions, Shannon experienced severe pecuniary damages, including severe physical and emotional pain and suffering, and loss of normal life.

WHEREFORE, the Plaintiff, SHANNON POTTS, prays for judgment against the Unknown Defendant Officers, in a fair and reasonable amount, including compensatory damages, punitive damages, reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT III – FAILURE TO INTERVENE

## UNKNOWN DEFENDANT OFFICERS

36. Each paragraph of this Complaint is incorporated as if restated fully herein.

37. One or more of the Unknown Defendant Officers had a reasonable opportunity to prevent the violation of Shannon's constitutional rights as set forth above, but failed to do so.

38. As a result of Unknown Defendant Officers' unconstitutional failure to intervene, Shannon experienced pain, suffering, emotional distress, and injury.

39. As a direct and proximate result of the Defendants' acts and omissions, Shannon experienced severe pecuniary damages, including severe physical and emotional pain and suffering, and loss of normal life.

WHEREFORE, the Plaintiff, SHANNON POTTS, prays for judgment against the Unknown Defendant Officers, in a fair and reasonable amount, including compensatory damages, punitive damages, reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT IV – STATE LAW BATTERY CLAIM
### CITY OF CHICAGO

40. Each paragraph of this Complaint is incorporated as if restated fully herein.

41. Defendant City of Chicago, by and through its agents, knowingly and without legal justification or permission, committed an offensive and harmful touching of Shannon, thereby constituting battery under Illinois law.

42. As a direct and proximate result of the Defendant's acts, Shannon experienced severe pecuniary damages, including severe physical and emotional pain and suffering, and loss of normal life.

WHEREFORE, the Plaintiff, SHANNON POTTS, prays for judgment against Defendant CITY OF CHICAGO, in a fair and reasonable amount, including compensatory damages, punitive damages, for reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM
## CITY OF CHICAGO

43. Each paragraph of this Complaint is incorporated as if restated fully herein.

44. Defendant CITY OF CHICAGO, by and through its agents, engaged in extreme and outrageous conduct against Shannon as set forth herein.

45. By subjecting Shannon to such conduct, Defendant CITY OF CHICAGO, by and through its agents, intended to inflict severe emotional distress upon her and knew that its conduct would cause her severe emotional distress.

46. As a direct and proximate result of Defendant's outrageous conduct, Shannon was injured, and experienced extreme pain and suffering.

WHEREFORE, the Plaintiff, SHANNON POTTS, prays for judgment against Defendant CITY OF CHICAGO, in a fair and reasonable amount, including compensatory damages, punitive damages, for reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT VI – INDEMNIFICATION CLAIM
## CITY OF CHICAGO

47. Each paragraph of this Complaint is incorporated as if restated fully herein.

48. Defendant CITY OF CHICAGO is the employer of the Unknown Defendant Officers.

49. the Unknown Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the CITY OF CHICAGO.

50. Illinois law provides that governmental entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

WHEREFORE, should the Unknown Defendant Officers be found liable on one or more of the claims set forth above, the Plaintiff, SHANNON POTTS, demands that, pursuant to Illinois law, the Defendant CITY OF CHICAGO be found liable for any judgment plaintiff obtains against said defendants, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

## JURY DEMAND

Plaintiff, SHANNON POTTS, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**DATED:**  November 11, 2019

Respectfully submitted,

By:     /s/ Jordan Marsh
        Attorney for Plaintiff

**Law Office of Jordan Marsh**
55 East Monroe Street, Suite 3800
Chicago, IL 60603
(312) 598-2828
jordan@jmarshlaw.com